United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 4, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

Summary Calendar
No. 05-61164

LONNIE O. EDMONDS,

Plaintiff-Appellant

versus

BENEFICIAL MISSISSIPPI, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(3:04-cv-0827-WHB-AGN)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lonnie Edmonds appeals the district court's partial summary judgment ruling and its ruling

on the admissibility of his October 4, 2005 credit report. For the following reasons, we affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

Beneficial Mississippi, Inc., ("BMI") mailed a "live check" to Edmonds' address and that

check was intercepted by someone other than Edmonds and cashed. That person is referenced

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

herewith as "the imposter." BMI solicits consumer loans by mailing checks to potential customers. Once a BMI check is endorsed and cashed, the customer has an "instantly approved" loan and is responsible for paying back the total amount of the check. By cashing and endorsing the check, the imposter created a loan in Edmonds' name. The imposter made a series of payments on the account but stopped before satisfying the total balance. After the payments stopped, BMI hired a law firm to initiate collection proceedings against Edmonds.

After Edmonds was served, he notified BMI that the loan was fraudulently created. Pursuant to its own investigation, BMI confirmed that the loan was fraudulently created and notified Edmonds. Unfortunately, BMI neglected to inform the law firm, which continued to pursue collections proceedings against Edmonds. A Default Judgment was obtained and Edmonds' wages were garnished. Edmonds informed BMI, which returned the garnished wages. BMI, however, neglected to have the Default Judgment "set aside." Instead, the judgment was "cancelled." The effect being that Edmonds' credit was adversely affected. After Edmonds notified BMI, they eventually had the judgment properly set aside.

Edmonds filed suit in the Circuit Court of Pike County, Mississippi, on August 20, 2004, against BMI for malicious prosecution, negligence and negligent infliction of emotional distress, seeking actual, and punitive damages. BMI removed the case to federal district court on October 7, 2004. Once in district court, BMI filed a motion for summary judgment. The district court dismissed Edmonds' claims for malicious prosecution, negligent infliction of emotional distress and punitive damages, but allowed his negligence claim to proceed to trial.

A jury trial was scheduled to begin on October 19, 2005. On October 5, 2005, Edmonds informed BMI that he intended to introduce a credit report dated October 4, 2005 into evidence. BMI

2

filed a motion seeking to exclude the October 4, 2005 credit report, or in the alternative, requested the court to grant a continuance. The district court, pursuant to FED. R. CIV. P. 37(c)(1), excluded the report, stating that it was unwilling to grant a continuance and that Edmonds had given no explanation as to why he could not have pulled the credit report earlier. The case proceeded to trial and at the close of evidence, BMI filed a motion for a directed verdict to all damage claims remaining. The district court granted the motion, holding that BMI was liable for $503.00 in negligence damages.

Edmonds timely appealed the partial summary judgment ruling and the exclusion of his October 4, 2005 credit report.

## II. STANDARD OF REVIEW

This Court reviews grants of summary judgment de novo, applying the same standard as the district court. *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 890 (5th Cir. 2003). Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court views the evidence in the light most favorable to the non-movant. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

3

This court reviews district court rulings on the admissibility of evidence for abuse of discretion. *U.S. v. O'Keefe*, 426 F.3d 274, 280 (5th Cir. 2005).

## III. DISCUSSION

A.

In Mississippi, the elements of malicious prosecution are: (1) the institution of a proceeding; (2) by, or at the insistence of the defendant; (3) the termination of such proceedings in the plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceedings; (6) the suffering of injury or damage as a result of the prosecution. *McClinton v. Delta Pride Catfish, Inc.*, 792 So. 2d 968, 973 (Miss. 2001). The plaintiff bears the burden of proving each of these elements by a preponderance of the evidence. *Id.*

The district court dismissed Edmonds claims on the basis that he failed to show malice. In Mississippi, to show malice on a malicious prosecution claim, a plaintiff must demonstrate that the case was initiated primarily for a purpose other than to bring the aggrieved party to justice. *Benjamin v. Hooper Electronic Supply Co.*, 568 So. 2d 1182, 1191 (Miss. 1990). There is nothing in the record to suggest that BMI initiated the action for any reason other than to collect a debt it thought Edmonds owed. Edwards cannot show malice, which is required under Mississippi law for all claims of malicious prosecution. Thus, the district court did not commit error by dismissing his claims.

B.

The district court dismissed Edmonds' claims for negligent infliction of emotional distress because he failed to show a physical manifestation of harm. The only evidence of harm that Edmonds could point to were allegations, unsupported by medical evidence, that his blood pressure had increased.

Mississippi law is unclear as to whether a physical manifestation of harm is required for negligent infliction of emotional distress cases. In 1999, the Mississippi supreme court adopted a permissive view, allowing plaintiffs to "recover for emotional distress and mental anguish proximately resulting from ordinary negligence" without any physical manifestation of harm "provided only that the injury was reasonably foreseeable by the defendant." *Adams v. U.S. Homecrafters, Inc.*, 744 So. 2d 736, 743 (Miss. 1999). In 2001, in a decision relied upon by the district court, the Mississippi supreme court took the opposite view, holding that "some sort of physical manifestation of injury or demonstrable physical harm" was required. *American Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1208 (Miss. 2001). Despite its seemingly clear pronouncement of the law on this issue, *American Bankers'* did not overrule *Adams* or expressly adopt the more restrictive view as the correct standard for future cases. Although Mississippi courts have, at times, continued to apply the permissive view, the district court did not commit error by relying on the more restrictive *American Bankers'* standard. *See American Bankers',* 819 So. 2d at 1209 ("[w]e have applied the line of cases adopting the more restrictive majority view in the most recent holdings on this issue, although the cases applying the minority view have not been overruled").

Even under the permissive standard, Edmonds' claim would still fail because plaintiffs must still "prove some sort of injury, whether it be physical or mental." *Ill. Cent. R.R. Co. v. Hawkins*, 830 So. 2d 1162, 1174 (Miss. 2002). *See also Adams*, 744 So. 2d at 743 ("language . . . adopting the term 'demonstrable harm' in place of 'physical injury,' indicates that the proof may solely consist of evidence of a mental injury without physical manifestation"). Edmonds offered no proof of mental injury. Plaintiffs must offer "substantial proof" of emotional harm, *Ill. Cent. R.R. Co.*, 830 So. 2d at 1174, and the emotional injuries must be reasonably foreseeable from the defendant's actions.

5

*Adams*, 744 So. 2d at 742-43. The Mississippi supreme court has held that sleeplessness, nightmares and even multiple visits to a medical doctor were insufficient proof of emotional harm. *Ill. Cent. R.R. Co.,* 830 So. 2d at 1174. The only evidence Edmonds could point to, allegations regarding his blood pressure, do not reach the level of the "substantial proof" of emotional harm that Mississippi law requires for claims of emotional distress, including those analyzed under the permissive view. Thus, the district court did not commit reversible error in dismissing Edmonds' negligent infliction of emotional distress claim for failure to show sufficient proof of harm.

C.

There was no error in denying punitive damages. To recover punitive damages, Edmonds must prove that the actions of BMI were "malicious, intentional, willful, wanton, grossly, careless, indifferent or reckless." *American Bankers',* 819 So. 2d at 1209. Edmonds' claims regarding malicious prosecution and negligent infliction of emotional distress do not meet this standard. Although BMI may have been negligent, their actions cannot be termed an "intentional failure in reckless disregard of the consequences as affecting the life or property of another." *Doe v. The Salvation Army*, 835 So.2d 76, 78 (Miss. 2003). Each time BMI was put on notice of its negligence, they took action to rectify their mistakes.

D.

FED. R. CIV. P. 37(c)(1) provides that a court can preclude the use of evidence that a party fails to disclose under Rule 26(e) without "substantial justification." The docket reflects that, under a case-management order issued on November 19, 2004, the parties were directed to adhere to a discovery deadline of May 3, 2005 (later extended to June 3, 2005). On September 9, 2005, the parties held a pretrial conference and on September 15, 2005, the final pretrial order was jointly filed.

In the pretrial order, Edmonds provided a brief description of all the exhibits he intended to offer at trial, including a November, 2004 negative credit disclosure. On October 5, 2005, Edmonds notified BMI that he also intended to introduce an October 4, 2005 credit report. BMI filed a motion in limine to exclude the October 4, 2005 credit report. In his response to BMI's motion to exclude, Edmonds failed to give a substantial justification as to why he failed to include a recent credit report in the pretrial order or failed to disclose it to BMI before the discovery cut-off date. Therefore, the district court's order excluding the October 4, 2005 credit report was not an abuse of discretion.

## IV. CONCLUSION

Accordingly, we AFFIRM the district court's partial grant of summary judgment and ruling on the admissibility of the October 4, 2005 credit report.

AFFIRMED.